# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-0533V**

|  |  |
|---|---|
| JESSICA DANESHRAD,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Chief Special Master Corcoran<br><br>Filed: March 6, 2026 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.*

*Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On April 18, 2023, Jessica Daneshrad filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barre Syndrome ("GBS") following a flu vaccine she received on November 2, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 13, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her GBS. On March 5, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $222,028.72, comprised of $200,000.00 for actual and projected pain and suffering, $12,906.00 for past lost wages, $5,308.85 for past unreimbursed expenses, and $3,813.87 for the first year of life care expenses, plus an amount to purchase an annuity contract to cover ongoing life care expenses. Proffer at 2-4. In the Proffer, Respondent represented that Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

- **Petitioner a lump sum payment of $222,028.72, comprised of $200,000.00 for actual and projected pain and suffering, $12,906.00 for past lost wages, $5,308.85 for past unreimbursed expenses, and $3,813.87 for the first year of life care expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

- **An amount sufficient to purchase an annuity contract described in the Proffer Section II(B).**

These amounts represent compensation for all elements of compensation available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| JESSICA DANESHRAD, **)** | |
| **)** | |
| Petitioner, **)** | |
| **)** | No. 23-533V |
| v. **)** | Chief Special Master Corcoran |
| **)** | ECF |
| SECRETARY OF HEALTH AND HUMAN **)** | |
| SERVICES, **)** | |
| **)** | |
| Respondent. **)** | |
| **)** | |

**PROFFER ON AWARD OF COMPENSATION[1]**

On April 18, 2023, Jessica Daneshrad ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered from Guillain-Barre syndrome ("GBS") following receipt of an influenza ("flu") vaccination administered on November 2, 2021. Petition (ECF No. 1). On December 18, 2023, respondent filed his Rule 4(c) Report conceding that petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for a GBS Table injury. ECF No. 19. On December 19, 2023, Chief Special Master Corcoran issued an entitlement decision finding petitioner entitled to vaccine compensation for her GBS. ECF No. 24.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A.    Life Care Items

Respondent engaged life care planner Laura Fox, RN, MSN, RN, CNLCP, and petitioner engaged Brook Feerick, RN, CCM, CLCP, to provide an estimation of petitioner's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine injury" is as described in the respondent's Rule 4(c) Report.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Jessica Daneshrad, attached hereto as Tab A.  Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[2]  Petitioner agrees.

B.  Lost Earnings

Petitioner has suffered past loss of earnings as a result of her vaccine-related injury.  Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers petitioner should be awarded **$12,906.00** for past lost earnings.  Petitioner agrees.

C.    Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded **$200,000.00** in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

---

[2]  The chart at Tab A illustrates respondent's position on annual amounts for life care expenses. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

2

D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$5,308.85**.  Petitioner agrees.

## II.      Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of a lump sum payment and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

A.  A lump sum payment of **$222,028.72**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($3,813.87), lost earnings ($12,906.00), pain and suffering ($200,000.00), and past unreimbursable expenses ($5,308.85), to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Jessica Daneshrad; and

B.  An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[3]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[4]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Jessica Daneshrad, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.      <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of

---

assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[5]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:
        a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
        b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
        c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
        d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[6]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Jessica Daneshrad, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Jessica Daneshrad's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

A.    Lump Sum paid to petitioner, Jessica Daneshrad:    **$222,028.72**

B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/ *Adam N. Muffett*
ADAM N. MUFFETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4310
Email: adam.muffett@usdoj.gov

Dated: March 5, 2026

## CERTIFICATE OF SERVICE

I certify that today, March 5, 2026, a copy of the foregoing pleading was served by electronic mail to Alex Pop at apop@poplawyer.com.

*/s/ Adam N. Muffett*

6

| ITEMS OF COMPENSATION | G.R. | * | Lump Sum Compensation Year 1 2026 | Compensation Year 2 2027 | Compensation Years 3-4 2028-2029 | Compensation Year 5 2030 | Compensation Years 6-9 2031-2034 | Compensation Year 10 2035 | Compensation Years 11-19 2036-2044 | Compensation Years 20-Life 2045-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| Medicare Part B Deductible | 5% | | | | | | | | | 283.00 |
| Neurologist | 5% | * | 65.00 | 65.00 | 65.00 | 65.00 | | | | |
| Physical Therapy | 4% | * | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 5.00 | 30.00 |
| Psychological Counseling | 4% | * | 60.00 | | | 60.00 | | 60.00 | | |
| Cane | 4% | | | 37.00 | 12.33 | 12.33 | 12.33 | 12.33 | 12.33 | 12.33 |
| Folding Cane | 4% | | 31.00 | 6.20 | 6.20 | 6.20 | 6.20 | 6.20 | 6.20 | 6.20 |
| Desk Chair | 4% | | 965.00 | | | | | | | |
| Desk Chair Pad | 4% | | 35.00 | | | | | | | |
| Scooter | 4% | | 1,895.00 | 270.71 | 270.71 | 270.71 | 270.71 | 270.71 | 270.71 | 270.71 |
| Gym Membership | 4% | | 528.00 | 528.00 | 528.00 | 528.00 | 528.00 | 528.00 | 528.00 | |
| Grocery Delivery Service | 4% | | 119.88 | 119.88 | 119.88 | 119.88 | 119.88 | 119.88 | 119.88 | 119.88 |
| Shower Transfer Bench | 4% | | 54.99 | 11.00 | 11.00 | 11.00 | 11.00 | 11.00 | 11.00 | 11.00 |
| Lost Earnings | | | 12,906.00 | | | | | | | |
| Pain and Suffering | | | 200,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | 5,308.85 | | | | | | | |
| Annual Totals | | | 222,028.72 | 1,097.79 | 1,073.12 | 1,133.12 | 1,008.12 | 1,068.12 | 953.12 | 733.12 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($3,813.87), lost earnings ($12,906.00), pain and suffering ($200,000.00), and past unreimbursable expenses ($5,308.85): $222,028.72.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.